Aaron WEMPLE, et al., Plaintiffs,

v.

ALL ILLINOIS JUDICIAL CIRCUITS, Defendants.

Case No. 11–cv–3071.

United States District Court, C.D. Illinois, Springfield Division.

April 21, 2011.

Aaron Wemple, Taylorville, IL, pro se.

### ORDER

RICHARD MILLS, District Judge:

On behalf of "The American Families," the Plaintiffs seek $4,246,000,000,000.00 in damages from the trial courts of the State of Illinois.

The Complaint is dismissed without prejudice.

### I. IFP Petition

■ The lead plaintiff in this action, Aaron Wemple, has submitted an affidavit under 28 U.S.C. § 1915(a) demonstrating that he is unable to prepay the fees or costs associated with the filing of this action. Accordingly, the Motion for Leave to Proceed In Forma Pauperis is allowed. See 28 U.S.C. § 1915(a).

### II. Screening of Complaint Pursuant to 28 U.S.C. § 1915(e)(2)

Congress has directed federal courts to dismiss *in forma pauperis* cases under certain circumstances:

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

• (B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks relief against a defendant who is immune from such suit.

28 U.S.C. § 1915(e)(2). Consequently, the Court will screen Plaintiffs' Complaint before it is permitted to be served.

### A. Summary of Complaint

The Plaintiffs, led by Aaron Wemple, have filed what is styled a "Class Action Complaint" on behalf of the "American Families" of the "[Illinois] Judicial 'Family' Court." The Plaintiffs bring this action against "All Illinois Judicial Circuits."

Although it is difficult to discern the exact contours of the Plaintiffs' claim, it appears that the Complaint alleges that the courts of the State of Illinois are without jurisdiction to hear any domestic relations matters. See Complaint, ¶¶ 9, 11–12. The Complaint further alleges that the handling of domestic relations matters by the courts of the State of Illinois results in a violation of citizens' due process rights under the Fourteenth Amendment. See Complaint, ¶¶ 5–7, 10.

The Complaint states that only Congress has the power to establish inferior courts pursuant to Article III, Section 1 of the Constitution, and as a result the courts of the State of Illinois are illegitimate and were improperly self-established.[1] See Complaint, ¶ 13.

---

1. It appears that the Plaintiffs intend to seek help from Congress regarding this claim, be-

In the caption of the complaint, the Plaintiffs list Case No. 6–f–66 of the Circuit Court for Christian County, Illinois. It is unclear from the Complaint whether that Circuit Court case involves Aaron Wemple.

The Plaintiffs seek compensatory damages in the amount of $3,246,000,000.00 and punitive damages in the amount of $1,000,000,000.00.

*B. Frivolous Action*

■■■ A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim may be dismissed as frivolous when the factual contentions are clearly baseless or when the claim is based on an indisputably meritless legal theory. *Id.* at 327, 109 S.Ct. 1827.

■■ The Court concludes that this action is frivolous. The Plaintiffs argue that the courts of the State of Illinois cannot exist pursuant to Article III, Section 1 of the Constitution, because the courts were not established by Congress as inferior courts.

"The judicial power of the United States" referenced in Article III, Section 1 of the Constitution is the judicial power of the federal government, and does not cover the judicial power of the states. Federal judicial power or jurisdiction is limited to certain classes of cases and controversies. *See* U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331–1332; *see also* The Federalist No. 83, at 420 (Alexander Hamilton) (Ian Shapiro ed., 2009).

The states entered into the federal system with substantial power, and retained all of the power they initially held that was not delegated to the federal government by the U.S. Constitution. *See* U.S. Const. amend. X. State courts retained the same jurisdiction that was not specifically taken away from them by the Constitution or Congress, resulting in concurrent jurisdiction over most causes of action. *See Haywood v. Drown,* 556 U.S. 729, 129 S.Ct. 2108, 2114, 173 L.Ed.2d 920 (2009); *see also* Richard H. Fallon, Jr., Daniel J. Metzger & David L. Shapiro, *Hart and Wechsler's The Federal Courts and the Federal System* 1142–48 (5th ed.2003).

The Supreme Court has recognized that state courts are better equipped to handle domestic relations cases than federal courts, and as a result federal courts do not generally exercise diversity jurisdiction over these cases under the "domestic relations exception" to diversity jurisdiction. *See generally Marshall v. Marshall,* 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006); *Ankenbrandt v. Richards,* 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992).

■■ To the extent that the Plaintiffs seek review of Case No. 6–f–66 of the Circuit Court for Christian County, Illinois, such a request would be barred by the *Rooker–Feldman* doctrine. *See Struck v. Cook County Pub. Guardian,* 508 F.3d 858, 859 (2007). If the Plaintiffs seek federal judicial review of a state trial court decision, they must exhaust their state appellate remedies and then seek direct review by the Supreme Court of the United States. *See Schmitt v. Schmitt,* 324 F.3d 484, 487 (7th Cir.2003).

Therefore, the Court concludes that the Complaint is based upon an indisputably meritless legal theory, and as a result is frivolous. *See Neitzke,* 490 U.S. at 327, 109

cause the following appears in parentheses at the heading for Paragraph 13 of the Complaint: "to ask Congress for redress." In

addition, Representative Aaron Schock and Senator Mark Kirk were sent copies of the Complaint. *See* Complaint, page 4.

S.Ct. 1827. Consequently, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Immunity

■ The Eleventh Amendment to the United States Constitution, as interpreted by the Supreme Court, does not permit the Plaintiffs to sue the State of Illinois for money damages. *See Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Consequently, the Eleventh Amendment bars this kind of action, unless congress has abrogated the state's immunity, *see Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), or the state has waived its sovereign immunity, *see Kennecott Copper Corp. v. State Tax Comm'n,* 327 U.S. 573, 579–80, 66 S.Ct. 745, 90 L.Ed. 862 (1946).

The Defendants in this action ("All Illinois Judicial Circuits") constitute the state trial courts of Illinois, and are a part of the State of Illinois. *See* Ill. Const. art. VI, § 7; *see also Kroll v. Bd. of Trustees of Univ. of Ill.,* 934 F.2d 904, 907 (7th Cir. 1991). The Plaintiffs seek over $3 billion in compensatory damages and $1 billion in punitive damages. The State of Illinois has not waived its immunity under the Eleventh Amendment. *See* 745 ILCS 5/1. There is no indication that Congress has abrogated state sovereign immunity with respect to the existence of state courts or adjudication of domestic relations cases by state courts.

To the extent that the *pro se* Complaint is construed specifically as an action under 42 U.S.C. § 1983, the outcome would be the same, because states and state agencies are not capable of being sued under

Section 1983.[2] *See Will v. Mich. Dept. of State Police,* 491 U.S. 58, 64, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Accordingly, the Court concludes that the State of Illinois enjoys immunity from this lawsuit under the Eleventh Amendment. As a result, the Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

In light of the fact that there are two bases justifying the dismissal of the Complaint, the Court will not address the third—"failure to state a claim" under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Leave to Amend Complaint

■ The Court is skeptical that the Plaintiffs will be able to repair the Complaint sufficiently to survive screening under 28 U.S.C. § 1915(e)(2), but out of an abundance of caution, the Court will afford the Plaintiffs one opportunity to amend the Complaint. *See Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir.2010); *Timas v. Klaser,* 23 Fed.Appx. 574, 578 (7th Cir. 2001).

### III. Conclusion

*Ergo,* the Plaintiffs' Motion for Leave to Proceed In Forma Pauperis is ALLOWED. The Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2), with leave to file an amended complaint on or before May 25, 2011.

If the Plaintiffs do not file an amended complaint on or before May 25, 2011, this case will be closed.

If the Plaintiffs timely file an amended complaint, that complaint may not be

---

**2.** The Court notes that the lead plaintiff, Aaron Wemple, has previously brought an action in this Court against an agency of the State of Illinois that is not subject to an action for damages. *See Wemple v. Ill. State Police,* No. 05–3034, 2005 WL 2001150, at *3–*4 (C.D.Ill. 2005).

served until it has been screened pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk of Court is directed to forward a copy of this Order to the lead plaintiff, Aaron Wemple.

IT IS SO ORDERED.